UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA

CHAPTER 13 PLAN - MODIFIED
AND RELATED MOTIONS

Name of Debtor(s):   **Tamel Eugene Page**                         Case No:  **24-30145-KLP**

This plan, dated __August 14, 2024__, is:

☐ the *first* Chapter 13 plan filed in this case.
■ a modified Plan, which replaces the
☐ confirmed or ■ unconfirmed Plan dated __April 9, 2024__.

Date and Time of <u>Modified Plan</u> Confirmation Hearing:
__October 2, 2024 at 9:05 am__
Place of <u>Modified Plan</u> Confirmation Hearing:
__701 E. Broad St., Rm 5100, Richmond, VA__

The Plan provisions modified by this filing are:
__2: Modify Funding of Plan;__

Creditors affected by this modification are:
__All__

## 1. Notices

**To Creditors:**

**Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.**

**If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court.**

**The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed.  See Bankruptcy Rule 3015.**

**In addition, you may need to file a timely proof of claim in order to be paid under any plan.**

**The following matters may be of particular importance.**

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.

| A. | A limit on the amount of a secured claim, set out in Section 4.A which may result in a partial payment or no payment at all to the secured creditor | ■ Included | ☐ Not included |
|---|---|---|---|
| B. | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 8.A | ☐ Included | ■ Not included |
| C. | Nonstandard provisions, set out in Part 12 | ☐ Included | ■ Not included |

2. **Funding of Plan.** The debtor(s) propose to pay the Trustee the sum of **$229.00 per month for 7 months, then $400.00 per month for 3 months, then $4,185.00 per month for 50 months**.

Other payments to the Trustee are as follows:

The total amount to be paid into the Plan is $__212,053.00__.

3. **Priority Creditors.** The Trustee shall pay allowed priority claims in full unless the creditor agrees otherwise.

   A.   **Administrative Claims under 11 U.S.C. § 1326.**

1. The Trustee will be paid the percentage fee fixed under 28 U.S.C. § 586(e), not to exceed 10% of all sums received under the plan.

2. Check one box:

■ Debtor(s)' attorney has chosen to be compensated pursuant to the "no-look" fee under Local Bankruptcy Rule 2016-1(C)(1)(a) and (C)(3)(a) and will be paid $__**6,237.00**__, balance due of the total fee of $__**6,637.00**__ concurrently with or prior to the payments to remaining creditors.

☐ Debtor(s)' attorney has chosen to be compensated pursuant to Local Bankruptcy Rule 2016-1(C)(1)(c)(ii) and must submit applications for compensation as set forth in the Local Rules.

**B.    Claims under 11 U.S.C. § 507.**

The following priority creditors will be paid by deferred cash payments pro rata with other priority creditors or in monthly installments as below, except that allowed claims pursuant to 11 U.S.C. § 507(a)(1) will be paid pursuant to 3.C below:

| Creditor | Type of Priority | Estimated Claim | Payment and Term |
|---|---|---|---|
| County of Henrico | Taxes and certain other debts | 10.00 | 0.17 |

**C.    Claims under 11 U.S.C. § 507(a)(1).**

The following priority creditors will be paid prior to other priority creditors but concurrently with administrative claims above.

| Creditor | Type of Priority | Estimated Claim | Payment and Term |
|---|---|---|---|
| -NONE- | | | |

**4.    Secured Creditors: Motions to Value Collateral ("Cramdown"), Collateral being Surrendered, Adequate Protection Payments, and Payment of certain Secured Claims.**

**A.    Motions to Value Collateral (other than claims protected from "cramdown" by 11 U.S.C. § 1322(b)(2) or by the final paragraph of 11 U.S.C. § 1325(a)). Unless a written objection is timely filed with the Court, the Court may grant the debtor(s)' motion to value collateral as set forth herein.**

This section deals with valuation of certain claims secured by real and/or personal property, other than claims protected from "cramdown" by 11 U.S.C. § 1322(b)(2) [real estate which is debtor(s)' principal residence] or by the final paragraph of 11 U.S.C. § 1325(a) [motor vehicles purchased within 910 days or any other thing of value purchased within 1 year before filing bankruptcy], in which the replacement value is asserted to be less than the amount owing on the debt. **Such debts will be treated as secured claims only to the extent of the replacement value of the collateral. That value will be paid with interest as provided in sub-section D of this section. You must refer to section 4(D) below to determine the interest rate, monthly payment and estimated term of repayment of any "crammed down" loan. The deficiency balance owed on such a loan will be treated as an unsecured claim to be paid only to the extent provided in section 5 of the Plan.**
The following secured claims are to be "crammed down" to the following values:

| Creditor | Collateral | Purchase Date | Est. Debt Bal. | Replacement Value |
|---|---|---|---|---|
| Richmond Heritage FCU | 2017 Mini Cooper I4 50,000 miles | 05/2020 | 15,214.10 | 17,325.00 |

**B.    Real or Personal Property to be Surrendered.**

Upon confirmation of the Plan, or before, the debtor(s) will surrender his/her/their interest in the collateral securing the claims of the following creditors in satisfaction of the secured portion of such creditors' allowed claims. To the extent that the collateral does not satisfy the claim, any timely filed deficiency claim to which the creditor is entitled may be paid as a non-priority unsecured claim. Confirmation of the Plan shall terminate the automatic stay under §§ 362(a) and 1301(a) as to the interest of the debtor(s), any co-debtor(s) and the estate in the collateral.

| Creditor | Collateral Description | Estimated Value | Estimated Total Claim |
|---|---|---|---|
| Dakota Financial | 2013 Volvo VNL 360000 miles Tractor | 23,750.00 | 22,000.00 |
| Freedom Road Financial | 2022 Moto Guzzi V7STONNE5 1000 miles | 7,545.00 | 8,533.01 |

**C.    Adequate Protection Payments.**

The debtor(s) propose to make adequate protection payments required by 11 U.S.C. § 1326(a) or otherwise upon claims secured by personal property, until the commencement of payments provided for in sections 4(D) and/or 7(B) of the Plan, as follows:

| Creditor | Collateral | Adeq. Protection Monthly Payment | To Be Paid By |
|---|---|---|---|
| **USAA Federal Savings Bank** | 2019 BMW 530I 34,000 miles | 120.00 | Trustee |
| **Richmond Heritage FCU** | 2017 Mini Cooper I4 50,000 miles | 75.00 | Trustee |

Any adequate protection payment upon an unexpired lease of personal property assumed by the debtor(s) pursuant to section 7(B) of the Plan shall be made by the debtor(s) as required by 11 U.S.C. § 1326(a)(1)(B) (payments coming due after the order for relief).

D. **Payment of Secured Claims on Property Being Retained (except those loans provided for in section 6 of the Plan):**

This section deals with payment of debts secured by real and/or personal property [including short term obligations, judgments, tax liens and other secured debts]. After confirmation of the Plan, the Trustee will pay to the holder of each allowed secured claim, which will be either the balance owed on the indebtedness or, where applicable, the collateral's replacement value as specified in sub-section A of this section, **whichever is less**, with interest at the rate provided below, the monthly payment specified below until the amount of the secured claim has been paid in full. **Upon confirmation of the Plan, the valuation specified in sub-section A and interest rate shown below will be binding unless a timely written objection to confirmation is filed with and sustained by the Court.**

| Creditor | Collateral | Approx. Bal. of Debt or "Crammed Down" Value | Interest Rate | Monthly Payment & Est. Term |
|---|---|---|---|---|
| **Ford Motor Credit** | 2022 Ford F150 7000 miles Black Widow Model | 84,670.40 | 9.50% | Prorata |
| **USAA Federal Savings Bank** | 2019 BMW 530I 34,000 miles | 36,551.44 | 9.50% | Prorata |
| **Richmond Heritage FCU** | 2017 Mini Cooper I4 50,000 miles | 15,214.10 | 9.00% | Prorata |

E. **Other Debts.**

Debts which are (i) mortgage loans secured by real estate which is the debtor(s)' principal residence, or (ii) other long term obligations, whether secured or unsecured, to be continued upon the existing contract terms with any existing default in payments to be cured pursuant to 11 U.S.C. § 1322(b)(5), are provided for in section 6 of the Plan.

5. **Unsecured Claims.**

   A. **Not separately classified.** Allowed non-priority unsecured claims shall be paid pro rata from any distribution remaining after disbursement to allowed secured and priority claims. Estimated distribution is approximately __1__%. The dividend percentage may vary depending on actual claims filed. If this case were liquidated under Chapter 7, the debtor(s) estimate that unsecured creditors would receive a dividend of approximately __0__%.

   B. **Separately classified unsecured claims.**

| Creditor | Basis for Classification | Treatment |
|---|---|---|
| -NONE- | | |

6. **Mortgage Loans Secured by Real Property Constituting the Debtor(s)' Principal Residence; Other Long Term Payment Obligations, whether secured or unsecured, to be continued upon existing contract terms; Curing of any existing default under 11 U.S.C. § 1322(b)(5).**

      **A.**    **Debtor(s) to make regular contract payments; arrears, if any, to be paid by Trustee.** The creditors listed below will be paid by the debtor(s) pursuant to the contract without modification, except that arrearages, if any, will be paid by the Trustee either pro rata with other secured claims or on a fixed monthly basis as indicated below, without interest unless an interest rate is designated below for interest to be paid on the arrearage claim and such interest is provided for in the loan agreement. A default on the regular contract payments on the debtor(s) principal residence is a default under the terms of the plan.

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Arrearage Interest Rate | Estimated Cure Period | Monthly Arrearage Payment |
|---|---|---|---|---|---|---|
| **-NONE-** | | | | | | |

      **B.**    **Trustee to make contract payments and cure arrears, if any.** The Trustee shall pay the creditors listed below the regular contract monthly payments that come due during the period of this Plan, and pre-petition arrearages on such debts shall be cured by the Trustee either pro rata with other secured claims or with monthly payments as set forth below.

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Interest Rate on Arrearage | Monthly Payment on Arrearage & Est. Term |
|---|---|---|---|---|---|
| **-NONE-** | | | | | |

      **C.**    **Restructured Mortgage Loans to be paid fully during term of Plan.** Any mortgage loan against real estate constituting the debtor(s)' principal residence upon which the last scheduled contract payment is due before the final payment under the Plan is due shall be paid by the Trustee during the term of the Plan as permitted by 11 U.S.C. § 1322(c)(2) with interest at the rate specified below as follows:

| Creditor | Collateral | Interest Rate | Estimated Claim | Monthly Payment & Term |
|---|---|---|---|---|
| **-NONE-** | | | | |

**7.**    **Unexpired Leases and Executory Contracts.** The debtor(s) move for assumption or rejection of the executory contracts, leases and/or timeshare agreements listed below.

      **A.**    **Executory contracts and unexpired leases to be rejected.** The debtor(s) reject the following executory contracts:

| Creditor | Type of Contract |
|---|---|
| **-NONE-** | |

      **B.**    **Executory contracts and unexpired leases to be assumed.** The debtor(s) assume the following executory contracts. The debtor(s) agree to abide by all terms of the agreement. The Trustee will pay the pre-petition arrearages, if any, through payments made pro rata with other priority claims or on a fixed monthly basis as indicated below.

| Creditor | Type of Contract | Arrearage | Monthly Payment for Arrears | Estimated Cure Period |
|---|---|---|---|---|
| **-NONE-** | | | | |

**8.**    **Liens Which Debtor(s) Seek to Avoid.**

      **A.**    **The debtor(s) move to avoid liens pursuant to 11 U.S.C. § 522(f).** The debtor(s) move to avoid the following judicial liens and non-possessory, non-purchase money liens that impair the debtor(s)' exemptions. **Unless a written objection is timely filed with the Court, the Court may grant the debtor(s)' motion and cancel the creditor's lien.** If an objection is filed, the Court will hear evidence and rule on the motion at the confirmation hearing.

| Creditor | Collateral | Exemption Basis | Exemption Amount | Value of Collateral |
|---|---|---|---|---|
| **-NONE-** | | | | |

    **B.** **Avoidance of security interests or liens on grounds other than 11 U.S.C. § 522(f).** The debtor(s) have filed or will file and serve separate adversary proceedings to avoid the following liens or security interests. The creditor should review the notice or summons accompanying such pleadings as to the requirements for opposing such relief. The listing here is for information purposes only.

| Creditor | Type of Lien | Description of Collateral | Basis for Avoidance |
|---|---|---|---|
| -NONE- | | | |

**9.**    **Treatment and Payment of Claims.**

- All creditors must timely file a proof of claim to receive any payment from the Trustee.
- If a claim is scheduled as unsecured and the creditor files a claim alleging the claim is secured but does not timely object to confirmation of the Plan, the creditor may be treated as unsecured for purposes of distribution under the Plan. This paragraph does not limit the right of the creditor to enforce its lien, to the extent not avoided or provided for in this case, after the debtor(s) receive a discharge.
- If a claim is listed in the Plan as secured and the creditor files a proof of claim alleging the claim is unsecured, the creditor will be treated as unsecured for purposes of distribution under the Plan.
- The Trustee may adjust the monthly disbursement amount as needed to pay an allowed secured claim in full.
- If relief from the automatic stay is ordered as to any item of collateral listed in the plan, then, unless otherwise ordered by the court, all payments as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan.
- Unless otherwise ordered by the Court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in the plan.

**10.**   **Vesting of Property of the Estate.** Property of the estate shall revest in the debtor(s) upon confirmation of the Plan. Notwithstanding such vesting, the debtor(s) may not transfer, sell, refinance, encumber real property or enter into a mortgage loan modification without approval of the Court after notice to the Trustee, any creditor who has filed a request for notice and other creditors to the extent required by the Local Rules of this Court.

**11.**   **Incurrence of indebtedness.** The debtor(s) shall not voluntarily incur additional indebtedness exceeding the cumulative total of $5,000 principal amount during the term of this Plan, whether unsecured or secured, except upon approval of the Court after notice to the Trustee, any creditor who has filed a request for notice, and other creditors to the extent required by the Local Rules of this Court.

**12.**   **Nonstandard Plan Provisions**

    ■ **None. If "None" is checked, the rest of Part 12 need not be completed or reproduced.**

Dated: **August 14, 2024**

**/s/ Tamel Eugene Page**　　　　　　　　　　　　　　**/s/ Joshua A. Moger**
**Tamel Eugene Page**　　　　　　　　　　　　　　　**Joshua A. Moger 75209**
Debtor　　　　　　　　　　　　　　　　　　　　　　Debtor's Attorney

By filing this document, the Attorney for Debtor(s) or Debtor(s) themselves, if not represented by an attorney, also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in the Local Form Plan, other than any nonstandard provisions included in Part 12.

**Exhibits:** Copy of Debtor(s)' Budget (Schedules I and J); Matrix of Parties Served with Plan

Certificate of Service

I certify that on **August 14, 2024**, I mailed a copy of the foregoing to the creditors and parties in interest on the attached Service List.

　　　　　　　　　　　　　　　　　　　　　　　　**/s/ Joshua A. Moger**
　　　　　　　　　　　　　　　　　　　　　　　　**Joshua A. Moger 75209**
　　　　　　　　　　　　　　　　　　　　　　　　Signature

　　　　　　　　　　　　　　　　　　　　　　　　**P.O. Box 11588**
　　　　　　　　　　　　　　　　　　　　　　　　**Richmond, VA 23230-1588**
　　　　　　　　　　　　　　　　　　　　　　　　Address

　　　　　　　　　　　　　　　　　　　　　　　　**(804) 358-9800**
　　　　　　　	　　　　　　　　　　　　　　　　Telephone No.

CERTIFICATE OF SERVICE PURSUANT TO RULE 7004

I hereby certify that on **August 14, 2024** true copies of the forgoing Chapter 13 Plan and Related Motions were served upon the following creditor(s):

**Richmond Heritage FCU**
**Attn: Mgr/CEO**
**50 West Commerce Road**
**Richmond, VA 23224**

☐ by first class mail in conformity with the requirements of Rule 7004(b), Fed.R.Bankr.P.; or
■ by certified mail in conformity with the requirements of Rule 7004(h), Fed.R.Bankr.P

　　　　　　　　　　　　　　　　　　　　　　　　**/s/ Joshua A. Moger**
　　　　　　　　　　　　　　　　　　　　　　　　**Joshua A. Moger 75209**
　　　　　　　　　　　　　　　　　　　　　　　　Signature of attorney for debtor(s)

[ver. 06/23]

# United States Bankruptcy Court
## Eastern District of Virginia

In re **Tamel Eugene Page**　　　　　　　　　　　　　Case No. **24-30145-KLP**
　　　　　　　　　　　Debtor(s)　　　　　　　　　　Chapter **13**

**SPECIAL NOTICE TO SECURED CREDITOR**

To: **Richmond Heritage FCU; Attn: Mgr/CEO**
　　**50 West Commerce Road; Richmond, VA 23224**
　　*Name of creditor*

**2017 Mini Cooper I4 50,000 miles**

*Description of collateral*

1.  The attached chapter 13 plan filed by the debtor(s) proposes *(check one)*:

    ■   To value your collateral. *See Section 4 of the plan*. Your lien will be limited to the value of the collateral, and any amount you are owed above the value of the collateral will be treated as an unsecured claim.

    ☐   To cancel or reduce a judgment lien or a non-purchase money, non-possessory security interest you hold. *See Section 8 of the plan.* All or a portion of the amount you are owed will be treated as an unsecured claim.

2.  *You should read the attached plan carefully for the details of how your claim is treated.* The plan may be confirmed, and the proposed relief granted, unless you file and serve a written objection by the date specified and appear at the confirmation hearing. A copy of the objection must be served on the debtor(s), their attorney, and the chapter 13 trustee.

|  |  |
|---|---|
| Date objection due: | **No later than 7 days prior to 10/4/24** |
| Date and time of confirmation hearing: | **October 2, 2024 9:05AM** |
| Place of confirmation hearing: | **701 E. Broad St., Rm 5100, Richmond, VA** |

**Tamel Eugene Page**
*Name(s) of debtor(s)*

By:  **/s/ Joshua A. Moger**
**Joshua A. Moger 75209**
*Signature*

■ Debtor(s)' Attorney
☐ Pro se debtor

**Joshua A. Moger 75209**
*Name of attorney for debtor(s)*
**P.O. Box 11588**
**Richmond, VA 23230-1588**
*Address of attorney [or pro se debtor]*

Tel. #  **(804) 358-9800**
Fax #  **(804) 358-8704**

## CERTIFICATE OF SERVICE

I hereby certify that true copies of the foregoing Notice and attached Chapter 13 Plan and Related Motions were served upon the creditor noted above by
☐ first class mail in conformity with the requirements of Rule 7004(b), Fed.R.Bankr.P; or
■ certified mail in conformity with the requirements of Rule 7004(h), Fed.R.Bankr.P

on this  **August 14, 2024** .

**/s/ Joshua A. Moger**
**Joshua A. Moger 75209**
*Signature of attorney for debtor(s)*

[ver. 06/23]

Fill in this information to identify your case:

Debtor 1: **Tamel Eugene Page**

Debtor 2 (Spouse, if filing):

United States Bankruptcy Court for the: **EASTERN DISTRICT OF VIRGINIA**

Case number (If known): **24-30145-KLP**

Check if this is:
- ■ An amended filing
- ☐ A supplement showing postpetition chapter 13 income as of the following date: _____ MM / DD/ YYYY

Official Form 106I
# Schedule I: Your Income
12/15

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1: Describe Employment

1. **Fill in your employment information.**

   If you have more than one job, attach a separate page with information about additional employers.

   Include part-time, seasonal, or self-employed work.

   Occupation may include student or homemaker, if it applies.

| | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|
| Employment status | ■ Employed<br>☐ Not employed | ■ Employed<br>☐ Not employed |
| Occupation | Estate Coordinator | Enrollment Specialist |
| Employer's name | Capital One Services LLC | MCV Associated Physicians |
| Employer's address | 1680 Capital One Drive<br>Mc Lean, VA 22102 | 830 E. Main St.<br>24th Floor<br>Richmond, VA 23219 |
| How long employed there? | 3 Years | 16 years |

### Part 2: Give Details About Monthly Income

**Estimate monthly income as of the date you file this form.** If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 2. | **List monthly gross wages, salary, and commissions** (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | $ 3,828.18 | $ 5,836.35 |
| 3. | **Estimate and list monthly overtime pay.** | +$ 0.00 | +$ 0.00 |
| 4. | **Calculate gross Income.** Add line 2 + line 3. | $ 3,828.18 | $ 5,836.35 |

Official Form 106I                              Schedule I: Your Income                              page 1

Debtor 1  **Tamel Eugene Page**                                                              Case number (*if known*)  **24-30145-KLP**

|    |                                                                 |       | For Debtor 1 | For Debtor 2 or non-filing spouse |
|----|-----------------------------------------------------------------|-------|--------------|-----------------------------------|
|    | **Copy line 4 here**                                            | 4.    | $ 3,828.18   | $ 5,836.35                        |
| 5. | **List all payroll deductions:**                                |       |              |                                   |
|    | 5a. **Tax, Medicare, and Social Security deductions**           | 5a.   | $ 276.99     | $ 1,023.69                        |
|    | 5b. **Mandatory contributions for retirement plans**            | 5b.   | $ 0.00       | $ 0.00                            |
|    | 5c. **Voluntary contributions for retirement plans**            | 5c.   | $ 306.26     | $ 338.91                          |
|    | 5d. **Required repayments of retirement fund loans**            | 5d.   | $ 53.26      | $ 0.00                            |
|    | 5e. **Insurance**                                               | 5e.   | $ 140.83     | $ 112.26                          |
|    | 5f. **Domestic support obligations**                            | 5f.   | $ 0.00       | $ 0.00                            |
|    | 5g. **Union dues**                                              | 5g.   | $ 0.00       | $ 0.00                            |
|    | 5h. **Other deductions.** Specify: **Supplemental Life/ AD&D**  | 5h.+  | $ 0.00   +   | $ 2.56                            |
|    | **FSA Medical**                                                 |       | $ 0.00       | $ 130.00                          |
|    | **NonTax Park**                                                 |       | $ 0.00       | $ 60.13                           |
|    | **Accident Ins**                                                |       | $ 0.00       | $ 18.03                           |
|    | **Legal Resources**                                             |       | $ 0.00       | $ 17.01                           |
|    | **STD**                                                         |       | $ 0.00       | $ 13.50                           |
|    | **Child life insurance**                                        |       | $ 2.21       | $ 0.00                            |
|    | **Long Term Disability**                                        |       | $ 9.95       | $ 0.00                            |
|    | **Purchased Time Off**                                          |       | $ 68.79      | $ 0.00                            |
|    |                                                                 |       | $ 0.00       | $ 3.51                            |
| 6. | **Add the payroll deductions.** Add lines 5a+5b+5c+5d+5e+5f+5g+5h. | 6. | $ 858.29    | $ 1,719.60                        |
| 7. | **Calculate total monthly take-home pay.** Subtract line 6 from line 4. | 7. | $ 2,969.89 | $ 4,116.75                  |
| 8. | **List all other income regularly received:**                   |       |              |                                   |
|    | 8a. **Net income from rental property and from operating a business, profession, or farm** Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income. | 8a. | $ 0.00 | $ 0.00 |
|    | 8b. **Interest and dividends**                                  | 8b.   | $ 0.00       | $ 0.00                            |
|    | 8c. **Family support payments that you, a non-filing spouse, or a dependent regularly receive** Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement. | 8c. | $ 0.00 | $ 0.00 |
|    | 8d. **Unemployment compensation**                               | 8d.   | $ 0.00       | $ 0.00                            |
|    | 8e. **Social Security**                                         | 8e.   | $ 0.00       | $ 0.00                            |
|    | 8f. **Other government assistance that you regularly receive** Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies. Specify: | 8f. | $ 0.00 | $ 0.00 |
|    | 8g. **Pension or retirement income**                            | 8g.   | $ 0.00       | $ 0.00                            |
|    | 8h. **Other monthly income.** Specify: **Federal and State Tax Refunds Amortized** | 8h.+ | $ 608.33  + | $ 0.00                   |
| 9. | **Add all other income.** Add lines 8a+8b+8c+8d+8e+8f+8g+8h.    | 9.    | $ 608.33     | $ 0.00                            |
| 10.| **Calculate monthly income.** Add line 7 + line 9. Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse. | 10. | $ 3,578.22 + | $ 4,116.75 = $ 7,694.97 |
| 11.| **State all other regular contributions to the expenses that you list in *Schedule J*.** Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives. Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J*. Specify: | 11. | +$ | 0.00 |
| 12.| **Add the amount in the last column of line 10 to the amount in line 11.** The result is the combined monthly income. Write that amount on the *Summary of Schedules* and *Statistical Summary of Certain Liabilities* and Related *Data,* if it applies | 12. | | $ 7,694.97 **Combined monthly income** |

Official Form 106I                          **Schedule I: Your Income**                          page 2

Debtor 1  **Tamel Eugene Page**  Case number (*if known*) **24-30145-KLP**

13. **Do you expect an increase or decrease within the year after you file this form?**
    - ■ No.
    - ☐ Yes. Explain: **Debtor no longer operates his business.**
      **Debtor expects to return from Short Term Disability at his job within a few months.**

**Fill in this information to identify your case:**

Debtor 1: **Tamel Eugene Page**

Debtor 2 (Spouse, if filing):

United States Bankruptcy Court for the: **EASTERN DISTRICT OF VIRGINIA**

Case number (If known): **24-30145-KLP**

Check if this is:

☒ An amended filing

☒ A supplement showing postpetition chapter 13 expenses as of the following date:
**5/23/2023**
MM / DD / YYYY

Official Form 106J
# Schedule J: Your Expenses
**12/15**

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1: Describe Your Household

1. **Is this a joint case?**

   ☒ No. Go to line 2.
   ☐ Yes. **Does Debtor 2 live in a separate household?**
   
   ☐ No
   ☐ Yes. Debtor 2 must file Official Form 106J-2, *Expenses for Separate Household* of Debtor 2.

2. **Do you have dependents?**     ☐ No

   Do not list Debtor 1 and Debtor 2.     ☒ Yes. Fill out this information for each dependent..............

   Do not state the dependents names.

   | Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
   |---|---|---|
   | Daughter | 22 | ☐ No  ☒ Yes |
   |  |  | ☐ No  ☐ Yes |
   |  |  | ☐ No  ☐ Yes |
   |  |  | ☐ No  ☐ Yes |

3. **Do your expenses include expenses of people other than yourself and your dependents?**
   ☒ No
   ☐ Yes

## Part 2: Estimate Your Ongoing Monthly Expenses

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form 106I.)

**Your expenses**

4. **The rental or home ownership expenses for your residence.** Include first mortgage payments and any rent for the ground or lot.     4. $ **1,400.00**

   **If not included in line 4:**

   4a. Real estate taxes     4a. $ **0.00**
   4b. Property, homeowner's, or renter's insurance     4b. $ **0.00**
   4c. Home maintenance, repair, and upkeep expenses     4c. $ **0.00**
   4d. Homeowner's association or condominium dues     4d. $ **175.00**

5. **Additional mortgage payments for your residence,** such as home equity loans     5. $ **0.00**

| Debtor 1 | **Tamel Eugene Page** | Case number (if known) | **24-30145-KLP** |
|---|---|---|---|

6. **Utilities:**
   - 6a. Electricity, heat, natural gas — 6a. $ **200.00**
   - 6b. Water, sewer, garbage collection — 6b. $ **75.00**
   - 6c. Telephone, cell phone, Internet, satellite, and cable services — 6c. $ **350.00**
   - 6d. Other. Specify: — 6d. $ **0.00**
7. **Food and housekeeping supplies** — 7. $ **752.00**
8. **Childcare and children's education costs** — 8. $ **0.00**
9. **Clothing, laundry, and dry cleaning** — 9. $ **25.00**
10. **Personal care products and services** — 10. $ **25.00**
11. **Medical and dental expenses** — 11. $ **80.00**
12. **Transportation.** Include gas, maintenance, bus or train fare. Do not include car payments. — 12. $ **200.00**
13. **Entertainment, clubs, recreation, newspapers, magazines, and books** — 13. $ **0.00**
14. **Charitable contributions and religious donations** — 14. $ **0.00**
15. **Insurance.**
    Do not include insurance deducted from your pay or included in lines 4 or 20.
    - 15a. Life insurance — 15a. $ **0.00**
    - 15b. Health insurance — 15b. $ **0.00**
    - 15c. Vehicle insurance — 15c. $ **455.00**
    - 15d. Other insurance. Specify: — 15d. $ **0.00**
16. **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20.
    Specify: **Personal Property** — 16. $ **32.00**
17. **Installment or lease payments:**
    - 17a. Car payments for Vehicle 1 — 17a. $ **0.00**
    - 17b. Car payments for Vehicle 2 — 17b. $ **0.00**
    - 17c. Other. Specify: — 17c. $ **0.00**
    - 17d. Other. Specify: — 17d. $ **0.00**
18. **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, *Schedule I, Your Income* (Official Form 106I).** — 18. $ **0.00**
19. **Other payments you make to support others who do not live with you.**
    Specify: — 19. $ **0.00**
20. **Other real property expenses not included in lines 4 or 5 of this form or on *Schedule I: Your Income*.**
    - 20a. Mortgages on other property — 20a. $ **0.00**
    - 20b. Real estate taxes — 20b. $ **0.00**
    - 20c. Property, homeowner's, or renter's insurance — 20c. $ **0.00**
    - 20d. Maintenance, repair, and upkeep expenses — 20d. $ **0.00**
    - 20e. Homeowner's association or condominium dues — 20e. $ **0.00**
21. **Other:** Specify: — 21. +$ **0.00**

22. **Calculate your monthly expenses**
    - 22a. Add lines 4 through 21. — $ **3,769.00**
    - 22b. Copy line 22 (monthly expenses for Debtor 2), if any, from Official Form 106J-2 — $
    - 22c. Add line 22a and 22b. The result is your monthly expenses. — $ **3,769.00**

23. **Calculate your monthly net income.**
    - 23a. Copy line 12 *(your combined monthly income)* from Schedule I. — 23a. $ **7,694.97**
    - 23b. Copy your monthly expenses from line 22c above. — 23b. -$ **3,769.00**
    - 23c. Subtract your monthly expenses from your monthly income. The result is your *monthly net income*. — 23c. $ **3,925.97**

24. **Do you expect an increase or decrease in your expenses within the year after you file this form?**
    For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?
    - ■ No.
    - ☐ Yes. Explain here:

```
Label Matrix for local noticing        (p)ATLAS ACQUISITIONS LLC              Ford Motor Credit Company, LLC, c/o AIS Port
0422-3                                 492C CEDAR LANE SUITE 442              4515 N Santa Fe Ave. Dept. APS
Case 24-30145-KLP                      TEANECK NJ 07666-1713                  Oklahoma City, OK 73118-7901
Eastern District of Virginia
Richmond
Wed Aug 14 11:55:08 EDT 2024

Freedom Road Financial                 USAA Federal Savings Bank              United States Bankruptcy Court
c/o Deborah S. Kirkpatrick, Esq.       Robertson, Anschutz, Schneid, Crane    701 East Broad Street
PO Box 10275                           13010 Morris Road                      Richmond, VA 23219-1888
Virginia Beach, VA 23450-0275          Suite 450
                                       Alpharetta, GA 30004-2001

 MCV Hospital                          (p)BB AND T                            Bon Secours Mercy Health
PO Box 980462                          PO BOX 1847                            PO Box 1123
Richmond VA 23298-0462                 WILSON NC 27894-1847                   Minneapolis MN 55440-1123



CEP AMERICA LLC                        COUNTY OF HENRICO, VIRGINIA            Call Federal Credit Union
c/o Wakefield & Associates, LLC        SARA L. MAYNARD, ASST. COUNTY ATTORNEY 4605 Commerce Road
PO Box 51272                           P. O. BOX 90775                        P.O. Box 26603
Knoxville, TN 37950-1272               HENRICO, VIRGINIA 23273-0775           Richmond, VA 23261-6603


Colonial Ford Trucking Sales           County of Henrico                      Credit One Bank
1833 Commerce Road                     Department of Finance                  P.O. Box 98872
Richmond, VA 23224-7801                P.O. Box 90775                         Las Vegas, NV 89193-8872
                                       Henrico, VA 23273-0775


Dakota Financial                       Dakota Financial LLC                   (p)US BANK
10100 Santa Monica Blvd                c/o Wright Law Group PLLC              PO BOX 5229
Ste 300                                P.O. Box 105603                        CINCINNATI OH 45201-5229
Los Angeles, CA 90067-4107             PMB 84356
                                       Atlanta, GA 30348-5603


FB&T/Mercury                           Fidelity Bank                          Ford Motor Credit
PO Box 84064                           P.O. Box 105075                        PO Box 542000
Columbus, GA 31908-4064                Atlanta, GA 30348-5075                 Omaha, NE 68154-8000



Ford Motor Credit Company LLC          Ford Motor Credit Company, LLC         Freedom Road Financial
c/o Carl A. Eason, Esquire             AIS Portfolio Services, LLC            10509 Professional Circle
200 Bendix Road, Suite 300             4515 N Santa Fe Ave. Dept. APS         Suite 202
Virginia Beach, VA 23452-1396          Oklahoma City, OK 73118-7901           Reno, NV 89521-4884


Henrico Doctor's Hospital              Henrico Doctors Hospital               Katie Kelsor
c/o HCA Healthcare                     Resurgent Capital Services             4009 Trisha Trail
5050 Kingsley Dr #1MOC1N               PO Box 1927                            Midlothian, VA 23112-3460
Cincinnati, OH 45227-1115              Greenville, SC 29602-1927


LVNV Funding, LLC                      (p)LAFAYETTE  AYERS & WHITLOCK  PLC    (p)LENDMARK FINANCIAL SERVICES
Resurgent Capital Services             ATTN EDWARD S WHITLOCK III ESQ         2118 USHER ST
PO Box 10587                           10160 STAPLES MILL ROAD                COVINGTON GA 30014-2434
Greenville, SC 29603-0587              SUITE 105
                                       GLEN ALLEN VA 23060-3447
```

```
Lentegridy                      (p)VSU HEALTH                   MCV Associated Physicians
P.O. Box 846820                 ATTN ATTN CUSTOMER SERVICE SUPPORT    Re: Bankruptcy
Los Angeles, CA 90084-0034      7818 E PARHAM ROAD              PO Box 91734
                                HENRICO VA 23294-4302           Richmond, VA 23291-9734


Matthew Lee                     Melinda Page                    (p)MISSION FINANCIAL SERVICES CORPORATION
P.O. Box 105603                 4009 Trisha Trail               ATTN GLORIA RUVALCABA
PMB 84356                       Midlothian, VA 23112-3460       PO BOX 27730
Atlanta, GA 30348-5603                                          ANAHEIM CA 92809-0124


Montique LLC                    NAVY FEDERAL CREDIT UNION       Owen & Owens PLC
11357 Knuckles Rd               P.O.BOX 3000                    Joe Owens III Esq
Glen Allen, VA 23059-0000       MERRIFIELD, VA 22119-3000       15521 Midlothian Tpke #300
                                                                Midlothian, VA 23113-7313


PSECU                           (p)PENTAGON FEDERAL CREDIT UNION   Quantum3 Group LLC
PO Box 67013                    ATTN BANKRUPTCY DEPARTMENT      agent for Sadino Funding LLC
Harrisburg, PA 17106-7013       P O BOX 1432                    PO Box 788
                                ALEXANDRIA VA 22313-1432        Kirkland, WA 98083-0788


Quantum3 Group LLC as agent for   REGIONAL MANAGEMENT CORPORATION   Regional Finance
Sadino Funding LLC              979 BATESVILLE RD, SUITE B      979 Batesville Road, Suite B
PO Box 788                      GREER, SC 29651-6819            Greer, SC 29651-6819
Kirkland, WA  98083-0788


Richmond Heritage FCU           St Francis Medical Center Pro   TD Bank USA/Target Credit
50 W Commerce Rd                9980 Georgia Street             P.O. Box 673
Richmond, VA 23224-2316         Crown Point, IN 46307-6520      Minneapolis, MN 55440-0673


Truist Bank                     Truist Bank                     U.S. Bank NA dba Elan Financial Services
Attn: Support Services          f/k/a SunTurst & BBT            Bankruptcy Department
PO Box 85092                    P.O. Box 85092                  PO Box 108
Richmond, VA 23285-5092         Richmond, VA 23286-0001         Saint Louis MO 63166-0108


(p)MOHELA                       USAA Federal Savings Bank       USAA Federal Savings Bank
CLAIMS DEPARTMENT               10750 McDermott Freeway         Robertson, Anschutz, Schneid, Crane & Pa
633 SPIRIT DRIVE                San Antonio, TX 78288-1600      13010 Morris Rd., Suite 450
CHESTERFIELD MO 63005-1243                                      Alpharetta, GA 30004-2001


Verizon                         Abram Pierce Gagnon             Carl M. Bates
by American InfoSource as agent   Boleman Law Firm PC           P. O. Box 1819
4515 N Santa Fe Ave             PO Box 11588                    Richmond, VA 23218-1819
Oklahoma City, OK 73118-7901    Richmond, VA 23230-1588


Daniel James Webster            Gerard R. Vetter                Tamel Eugene Page
Boleman Law Firm                Office of the US Trustee - Region 4 -R   955 Green Ridge Drive
PO Box 11588                    701 E. Broad Street, Ste. 4304  Richmond, VA 23225-7356
Richmond, VA 23230-1588         Richmond, VA 23219-1849
```

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Atlas Acquisitions LLC<br>492C Cedar Lane, Ste 442<br>Teaneck, NJ 07666 | (d)Atlas Acquisitions LLC<br>Re: GE Money Bank /Care Credit<br>492C Cedar Lane, Ste 442<br>Teaneck, NJ 07666-0000 | BB&T<br>223 West Nash St<br>Wilson, NC 27893-0000 |
| Elan Financial Services<br>Re:  Bankruptcy<br>P.O. Box 6352<br>Fargo, ND 58125-6352 | Lafayette, Ayers & Whitlock<br>10160 Staples Mill Rd<br>Ste 105<br>Glen Allen, VA 23060-0000 | Lendmark Financial Services<br>2118 Usher Street NW<br>Covington, GA 30014-0000 |
| MCV Associated Physicians<br>7818 E. Parham Rd<br>Richmond VA, 23294 | Mission Financial Services<br>PO Box 2049<br>2475 N. Tustin Avenue<br>Corona, CA 92878-0000 | (d)Mission Financial Services Group Corporati<br>P.O. Box 27730<br>Anaheim, CA 92809 |
| Pentagon Federal Credit Union<br>PO Box 1432<br>Alexandria, VA 22313-0000 | US Department of Education/MOHELA<br>633 Spirit Drive<br>Chesterfield MO 63005 | |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (u)Ford Motor Credit Company LLC | (u)Navy Federal Credit Union | End of Label Matrix<br>Mailable recipients    59<br>Bypassed recipients     2<br>Total                   61 |